ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 12 - 3527

VICTOR JORDAN

    PLAINTIFF

    VS.

HON. KATHERINE A. LEVINE, A Judge of the
New York City Civil Court, Kings County, **LENNA S.
JORDAN, ROSLYN LOUISE BLACKMAN,** and,
**ALFRED E. LOCASCIO,** Marshal, City of New York.

    DEFENDANTS.

MAUSKOPF, J.

**COMPLAINT**

**Jury Trial Demanded**
J. ORENSTEIN, M.J.

RECEIVED
JUL 16 2012
PRO SE OFFICE

## I.   INTRODUCTION

1.    The event which gave rise to this litigation occurred on April 10, 2012 and is
ongoing.

2.  · On April 10, 2012, Plaintiff filed, and applied to the New York State Supreme
Court, Kings County, for a Judgement under Article 78 of the Civil Practice Law and Rules in
the Nature of Mandamus to direct defendant Judge Levine, a judge in the New York City Civil
Court,  to issue a decision and order for two motions: one made on October 20, 2011, and a
CPLR 4404(a) motion made on December 12, 2011.  This petition set for May 10, 2012, was
adjourned for June 22, 2012.  Although defendant Judge Levine was now a party in a suit against
the Plaintiff, on May 30, 2012, defendant Judge Levine signed a Warrant of Eviction based on a
decision and order that defendant Judge Levine signed on November 16, 2011, which was not
entered and served until May 7, 2012.  Defendant Judge Levine of signing the Warrant of
Eviction against the Plaintiff deprived the Plaintiff of his right to a fair hearing in front of an
impartial tribunal.  In addition, the decision and order signed by defendant Judge Levine on
November 16, 2011, was also the subject of the CPLR 4404(a) motion made on December 12,
2011.  On June, 12, 2012, Plaintiff obtained an order from the New York State Supreme Court,
Kings County, staying the Warrant of Eviction signed by Judge Levine on May 30, 2012, which
was served on defendant Alfred E. Locascio, Marshal, City of New York, on June 13, 2012.  In
violation of this order, to stay the Warrant of Eviction, defendant Locascio initiated the illegal
eviction of the Plaintiff from his home on June 13, 2012.

3.    This is an action in which Plaintiff seeks relief for the violation of his rights as
guaranteed under the laws and constitution of the United States and, as well, under the laws and
constitution of the State of New York.

4.     The Plaintiff seeks monetary damages, punitive damages, and such other relief, including injunctive relief and declaratory relief [if appropriate], as may be in the interest of justice and as may be required to assure that the Plaintiff secures full and complete relief and justice for the violation of his rights.

## II.     JURISDICTION

5.     Jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343 and 1367 in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and the Fourteenth Amendment to the United States Constitution and the laws and Constitution of the State of New York.

6.     The Plaintiff requests that the Court invoke pendent claim and pendent party jurisdiction.  The State law claims derive from the same occurrence and transaction which give rise to the federal law claims and they have a common nucleus of operative fact with the federally based claims.

7.     The Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Section 2201, et seq., this being an action in which the Plaintiff seeks, in addition to monetary damages, whatever other relief is needed to provide full and complete justice, including, if appropriate, declaratory and injunctive relief.

8.     This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States and, as well, as guaranteed under the laws and Constitution of the State of New York.

9.     Venue is properly within this Court as the actions and conduct, about which the Plaintiff complains, took place within the geographic boundaries of this Court's jurisdiction; the parties do business and/or reside and/or have offices for doing business within the geographic boundaries of this Court's jurisdiction; and the Plaintiff resides within the geographic boundaries of this Court's jurisdiction.

## III.     THE PARTIES

10.     The Plaintiff is an American citizen and a resident of the City of New York, and resides in the County of Kings at 373 East 28 Street, #1B, Brooklyn, NY 11226. That at all times hereinafter mentioned, Plaintiff was living at 373 East 28 Street, #1B, Brooklyn, NY 11226, which is a rent stabilized building, whose ownership is presently in dispute.

11.     The defendant JUDGE KATHERINE A. LEVINE, a judge in the Civil Court in the City of New York, is the trial judge who presided over the jury trial, from October 31, 2011 to November 4, 2011, pursuant to a holdover  summary proceeding brought by defendant LENNA S. JORDAN on January 4, 2011, against the Plaintiff.

-2-

12. Defendant LENNA S. JORDAN claims to be the owner of the entire building, but Plaintiff claims that respondent LENNA S. JORDAN gave Plaintiff Apartment #1B as a gift and/or in return for forbearance on or about October 30, 2009. Defendant LENNA S. JORDAN is now eighty [80] years of age, but was seventy-seven [77] when she transferred the apartment to the Plaintiff.

13. Defendant ROSLYN L. BLACKMAN provides room and board to LENNA S. JORDAN at her residence at 699 East 91 Street, Brooklyn, NY 11236, and Defendant ROSLYN L. BLACKMAN has taken over the management of Defendant LENNA S. JORDAN finances, property, and other assets.

14. Plaintiff and defendant ROSLYN L. BLACKMAN are the eldest children of defendant LENNA S. JORDAN and the deceased OSWALD JORDAN.

15. Defendant ALFRED E. LOCASCIO, Marshal, City of New York, is an enforcement officer of the New York City Civil Court, pursuant to NYCCCA Art. 4.

## IV. ALLEGATIONS

16. The Plaintiff is Victor Jordan.

17. The Plaintiff resided at 373 East 28 Street, Apartment # 1B, Brooklyn, New York 11226, from October 29, 2009, upon Plaintiff's return to the United States, until Plaintiff's eviction on June 13, 2012.

18. Plaintiff is now fifty-six [56] years of age.

19. The Plaintiff graduated from Albany Law School in 1999, from which he was awarded the J.D. degree. He passed the MPRE in the Summer of 1998 and the New York State Bar in July 1999. However, because of an oversea employment contract, plaintiff was did not submit his application for Bar membership within the three [3] year limitation period.

20. Plaintiff was a doctoral student at the New School for Social Research in New York City, where he studied economics. Plaintiff also attended Pace University in New York City, from which he graduated with a B.A. in economics and mathematics in 1980.

21. Plaintiff, grew up in Brooklyn, New York, and graduated from George W. Wingate Hing School in 1975.

22. Plaintiff is a New York State licensed Mathematics teacher and has taught high school mathematics for approximately thirteen [13] years.

23. Plaintiff has also taught economics at the State University if New York, Empire

State Campus, for approximately ten [10] years, served as a Research Fellow at the University of the West Indies for three [3] years, and lectured in economics at the University of Guyana for three [3] years, concluding in 2009.

24.   Plaintiff has also served as Trade Advisor to the Minister of Trade and Industry in the Caribbean Community, for three [3] years, concluding in 2006.

<u>DEFENDANT JUDGE LEVINE SIGNED A WARRANT OF EVICTION</u>
<u>AGAINST THE PLAINTIFF EVEN THOUGH JUDGE LEVINE IS A</u>
<u>PARTY IN A PROCEEDING AGAINST THE PETITIONER</u>

25.   The event which gives rise to this litigation occurred on April 20, 2012.

26.   After filing the Article 78 Petition in the nature on Mandamus at the New York State Supreme Court, Kings County, on April 10, 2012, Plaintiff solicited a professional process server, Federated Legal Services, Inc., 189 Montague Street, Brooklyn, NY 11201, to serve the Article 78 Petition in the nature of Mandamus on defendant Judge Katherine A. Levine at the courthouse, 141 Livingston Street, Brooklyn, New York, where defendant Judge Levine serves as a Judge in the NYC Civil Court,  on April 20, 2012, at 3:41 p.m. (Index No. 7622/12).

27.   The purpose of the Article 78 Petition in the nature of mandamus was to compel defendant Judge Levine, pursuant to CPLR §2219(a), to issue a decision and order on two motions (L&T Index # 58672/11): one heard before her on October 20, 2011, to Reduce the Handwritten Decision to a Formal Order, and the other heard before her on December 12, 2011, to Set Aside the Verdict of the Jury as Contrary to the Weight of the Evidence and Grant Judgement or a New Trial.

28.   On May 7, 2012, after almost six [6] months, defendant LENNA S. JORDAN served a NOTICE OF ENTRY for the decision and order dated November 16, 2011, pursuant to the trial that ended on November 4, 2011, even though a timely CPLR §4404(a) motion had been heard before defendant Judge Levine on December 12, 2011, for which defendant Judge Levine issued no decision or order.

29.   Also on May 7, 2012, defendant Judge Levine "So Ordered" the transcript of the CPLR 4404(a) motion heard on December 12, 2012, for the purpose of complying with the Article 78 Petition to compel the issuance of a decision and order in compliance with CPLR §2219(a).

30.   Pursuant to the CPLR, a timely filed CPLR §4404(a), which stayed the decision and order pursuant to the jury trial that concluded on November 4, 2011, until a decision and order on this motion is served on the Plaintiff with NOTICE OF ENTRY.

31. Furthermore, pursuant to Uniform Rule 202.48:

> (a) Proposed orders or judgments, with proof of service on all parties where the order is directed to be settled or submitted on notice, must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of the decision directing that the order be settled or submitted.

> (b) Failure to submit the order or judgment timely shall be deemed an abandonment of the motion or action, unless for good cause shown.

32. Pursuant to the trial ending on November 4, 2011, defendant Judge Levine issued a judgment dated November 26, 2011, but defendant ROSLYN L. BLACKMAN and defendant LENNA S. JORDAN failed to served Plaintiff with a copy of this judgement with NOTICE OF ENTRY within the 60 day period dictated Uniform Rule 202.48.

33. On May 30, 2012, defendant JUDGE LEVINE signed a Warrant of Eviction to provide defendant ALFRED E. LOCASCIO, Marshal, City of New York, with the legal authority to evict Plaintiff from his home, even though defendant JUDGE LEVINE is a party in the Article 78 proceeding filed on April 10, 2012, and served upon her on April 20, 2012.

34. Pursuant to Judiciary Law § 14 (in pertinent part):

> A judge shall not sit as such in, or take any part in the decision of, an action, claim, matte, motion or proceeding to which he is a party, or in which he has been attorney or counsel, or in which he is interested, or he is related by consanguinity or affinity to any party to the controversy within the sixth degree.

35. Pursuant to the Code of Judicial Conduct 3 [C] [1] (22 NYCCRR 100.3 [E] [1]):

> A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:

> (a)(i) the judge has a personal bias or prejudice concerning a party...

36. Defendant Judge Levine has no basis to sign a Warrant of Eviction against the Plaintiff on May 30, 2012, because Plaintiff was not served with a copy of the "So Ordered" transcript dated 5/7/12 of the CPLR 4404(a) motion made on December 12, 2011, with NOTICE OF ENTRY.

37. Defendant Judge Levine only reason for signing the Warrant of Eviction against the Plaintiff over six [6] after defendant Judge Levine signed the judgment dated November 16, 2011, pursuant to the trial ending on November 4, 2011, leading to the eviction of the Plaintiff

on June 13, 2012, by defendant ALFRED E. LOCASCIO, Marshal, City of New York, was to retaliate against the Plaintiff for filing the Article 78 Petition on April 10, 2012, in the nature of Mandamus to compel defendant Judge Levine to issue decision for the motion heard on October 20, 2011 and the CPLR 4404(a) motion heard on December 12, 2011.

38. By signing the Warrant of Eviction defendant Judge Levine laid the basis for the eviction of the Plaintiff by defendant ALFRED E. LOCASCIO, Marshal, City of New York, on June 13, 2012.

39. Defendant Judge Levine used the Warrant of Eviction to cause the eviction of the plaintiff by defendant ALFRED E. LOCASCIO, Marshal, City of New York, on June 13, 20:2, in retaliation for Plaintiff filing of the Article 78 petition, which is a purpose that contradicts the true purpose of the Warrant of Eviction, from which the Plaintiff has suffered injury.

## DEFENDANT ALFRED E. LOCASCIO WILFUL FAILURE TO COMPLY WITH THE COURT ORDER STAYING THE EVICTION

40. On June 12, 2012, Plaintiff obtained an Order to Show Cause directing defendant ALFRED E. LOCASCIO "that pending the hearing and determination of this motion, the enforcement of the Warrant of Eviction dated May 30, 2012, is hereby STAYED."

41. Defendant ALFRED E. LOCASCIO was served with a copy of the order directing him to stay the enforcement of the Warrant of Eviction at his office located at 120 Westchester Square, Bronx, NY 10461, on June 13, 2012.

42. Defendant ALFRED E. LOCASCIO refused to stay the enforcement of the Warrant of Eviction and commenced with the eviction of the Plaintiff on June 13, 2012.

## DEFENDANT ROSLYN LOUISE BLACKMAN INTERFERED WITH PLAINTIFF'S CONTRACT WITH DEFENDANT LENA S. JORDAN

43. On or about October 30, 2009, as an inducement to get the Plaintiff to remain in the United States or as an outright gift, defendant LENNA S. JORDAN, promised to give the Plaintiff, Apt. 1B at 273 East 28 Street, Brooklyn, New York 11226.

44. Plaintiff is the eldest child of the defendant LENNA S. JORDAN and Plaintiff had been living and working, with his family, in South America for a number of years.

45. Upon learning that the deceased OSWALD JORDAN was ill and upon hearing that the deceased OSWALD JORDAN wanted me to come to the United States, Plaintiff immediately returned to the United States on October 29, 2009, leaving his family behind in South America.

46. On October 30, 2009, defendant LENNA S. JORDAN promised to give the Plaintiff

-6-

apartment #1B at 373 East 28ᵗʰ Street, Brooklyn, New York 11226, as an outright gift or as an inducement to remain in the United States. Defendant LENNA S. JORDAN also promised that she would convert the building at 373 East 28 Street, Brooklyn, New York in to condominiums shortly.

47. On November 1, 2011, in reliance on defendant LENNA S. JORDAN's gift of the apartment, Plaintiff terminated all is professional business in south America, including his employment contract and the lease to his rental house.

48. Plaintiff was required to take up immediate possession of the apartment because defendant LENNA S. JORDAN planned to relocate to the premises of defendant ROSLYN L. BLACKMAN upon the imminent death of the deceased OSWALD JORDAN by the middle of December 2009; thus, inducing Plaintiff breach all his duties and obligations in South America almost immediately.

49. On about December 1, 2009, in fulfillment of defendant LENNA S. JORDAN's promised, defendant LENNA S. JORDAN transferred ownership of apartment #1B to the Plaintiff and assured him that the Plaintiff would receive ownership of the apartment in the form of a condo, which the Plaintiff indicated that he preferred.

50. In reliance on defendant LENNA S. JORDAN's gift, Plaintiff directed his family in South America to make immediate preparations to come to the United States, including breaching the lease agreement on the rental house, and selling at a loss (if necessary) or giving away furniture, household appliance, and moving in with Plaintiff's in-laws in South America.

51. The Plaintiff has owned and resided in the apartment at 373 East 28ᵗʰ Street, # 1B, Brooklyn, NY 11226, since December 1, 2009, when defendant LENNA S. JORDAN transferred the apartment to him, until his eviction on June 13, 2012.

52. Defendant LENNA S. JORDAN is now eighty [80] years of age, and at the time that defendant LENNA S. JORDAN transferred apartment 1B at 373 East 28 Street, Brooklyn, New York 11226, to the Plaintiff defendant LENNA S. JORDAN was seventy-seven [77] years of age.

53. Defendant LENNA S. JORDAN's date of birth is March 20, 1932.

54. Plaintiff's father, OSWALD JORDAN, died on November 10, 2009. During the weeks before his death, OSWALD JORDAN was living at the residence of ROSLYN L. BLACKMAN, at 699 East 91 Street, Brooklyn, New York 11236.

55. On or about December 1, 2009, defendant LENNA S. JORDAN, removed most of her belongs from 373 East 28 Street, Apt. 1B, Brooklyn, NY 11226, and transferred possession of Apt. 1B to the Plaintiff, with the promised to convert the building into condominiums soon thereafter; and defendant LENNA S. JORDAN moved to defendant ROSLYN L. JORDAN's residence at 699 East 91 Street, Brooklyn, NY 11236.

56. On or about December 1, 2009, defendant LENNA S. JORDAN gave Plaintiff the said property with the intention to vest present title in the property in the Plaintiff.

57. On or about December 1, 2009, defendant LENNA S. JORDAN then transferred said property to the Plaintiff.

58. On or about December 1, 2009, the Plaintiff indicated his acceptance of the gift by taking possession of the property.

59. After defendant LENNA S. JORDAN moved into the residence defendant ROSLYN L. BLACKMAN a confidential relationship developed between defendant LENNA S. JORDAN defendant ROSLYN L. BLACKMAN in that because of defendant LENNA S. JORDAN's age and declining health, she depended on defendant ROSLYN L. BLACKMAN to meet many of her basic many needs.

60. On or about September 20, 2010, defendant ROSLYN L. BLACKMAN indicated that she wanted apartment 1A and 1B at 373 East 28 Street, Brooklyn, New York, but defendant LENNA S. JORDAN had already given apartment 1B to the Plaintiff.

61. On or about September 20, 2010, defendant LENNA S. JORDAN had already transferred Apartment 1B at 373 East 28 Street, Brooklyn, New York, to the Plaintiff.

62. On November 10, 2009, Plaintiff's father, OSWALD JORDAN, died.

63. On October 23, 2010, Plaintiff filed a petition for Letters of Administration in the Surrogate's Court over, Kings County, (Surrogate's Court Clerk's File No. 3785/10), over the estate of plaintiff's deceased father, OSWALD JORDAN, to commence intentional torts and a wrongful death action on behalf of the estate.

64. On November 22, 2010, defendant ROSLYN L. JORDAN and defendant LENNA S. JORDAN filed a cross-petition for Letters of Administration in the Surrogate's Court for the estate of the deceased OSWALD JORDAN, in opposition to Plaintiff's petition for Letters of Administration.

65. On January 4, 2011, defendant Roslyn L. Blackman directed defendant LENNA S. JORDAN to serve the Plaintiff a 10 Day Notice to Quit letter.

66. On February 16, 2011, defendant LENNA S. JORDAN with the support and encouragement of defendant ROSLYN L. BLACKMAN, commenced a Holderover proceeding against the Plaintiff.

67. The purpose of defendant ROSLYN L. BLACKMAN and defendant LENNA S. JORDAN in commencing the holdover proceeding against the Plaintiff was to retaliate against the Plaintiff for petitioning the Surrogate Court for Letters of Administration for Plaintiff's deceased father estate and because defendant ROSLYN L. BLACKMAN wished to obtain a Warrant of Eviction to take back the apartment that defendant LENNA S. JORDAN gave to the

Plaintiff.

68.    Defendant ROSLYN L. BLACKMAN and defendant LENNA S. JORDAN sole
purpose in commencing the holdover proceeding against the Plaintiff was to obtain a Warrant of
Eviction in retaliation against the Plaintiff for applying for Letters of Administration over the
estate of his father, OSWALD JORDAN, and also to take Plaintiff's apartment in violation of the
contract that Plaintiff had with defendant LENNA S. JORDAN.

69.    On May 30, 2012, defendant ROSLYN L. BLACKMAN and defendant LENNA S.
JORDAN obtained a Warrant of Eviction from defendant JUDGE LEVINE directing defendant
ALFRED E. LOCASCIO to evict the Plaintiff from his home based on a decision and judgment
signed by Judge Levine on November 16, 2011, which was no entered and served on the Plaintiff
until 5/5/12.

70.    The serving of the Judgement signed by JUDGE LEVINE on November 16, 2011,
with notice of entry effectuated almost six [6] months after the judgment was signed by
defendant JUDGE LEVINE, which is contrary to the dictates of Uniform Rule 202.48.

71.    On June 13, 2012, defendant Roslyn L. Blackman and defendant Lenna S. Jordan
directed defendant ALFRED E. LOCASCIO to evict Plaintiff from his home in violation of the
order to stay the enforcement of the Warrant of Eviction signed on June 12, 2012, and served
upon defendant ALFRED E. LOCASCI on June 13, 2012.

## V.   CAUSES OF ACTION

### A.   FIRST CAUSE OF ACTION

**(Plaintiff against defendant Judge Katherine A. Levine)**

72.    The Plaintiff reiterates Paragraph #'s 1 through 71 and incorporates such by
reference herein.

73.    The Plaintiff was subject to discriminatory treatment in violation of his rights as
guaranteed under the Due Process Clause of the Fourteenth Amendment to the United States
Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

74.    The Plaintiff suffered injuries and damages.

### B.   SECOND CAUSE OF ACTION

**(Plaintiff against defendant Judge Katherine A. Levine)**

75.    The Plaintiff reiterates Paragraph #'s 1 through 74 and incorporates such by
reference herein.

76.    The Plaintiff was subject to discriminatory treatment in violation of his rights as

guaranteed under laws and Constitution of the State of New York.

77.   The Plaintiff suffered injuries and damages.

### C.   THIRD CAUSE OF ACTION

### (Plaintiff against defendant Judge Katherine A. Levine)

78.   The Plaintiff reiterates Paragraph #'s 1 through 77 and incorporates such by reference herein.

79.   The Plaintiff was subject to discriminatory treatment in violation of his rights as guaranteed under the Sixth and Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

80.   The Plaintiff suffered injuries and damages.

### D.   FOURTH CAUSE OF ACTION

### (Plaintiff against defendant Judge Katherine A. Levine)

81.   The Plaintiff reiterates Paragraph #'s 1 through 80 and incorporates such by reference herein.

82.   The Plaintiff was subject to discriminatory treatment in violation of his rights as guaranteed under laws and Constitution of the State of New York.

83.   The Plaintiff suffered injuries and damages.

### E.   FIFTH CAUSE OF ACTION

### (Plaintiff against defendant Judge Katherine A. Levine)

84.   The Plaintiff reiterates Paragraph #'s 1 through 83 and incorporates such by reference herein.

85.   The actions taken against the Plaintiff in targeting him, signing the Warrant of Eviction, and evicting him, hence punishing and prosecuting him for collateral objectives other than the legitimate objectives associated with a Warrant of Eviction.

86.   The Plaintiff was subject to malicious abuse of civil process in violation of his rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

87.   The Plaintiff suffered injuries and damages.

F.   SIXTH CAUSE OF ACTION

**(Plaintiff against defendant Judge Katherine A. Levine)**

88.   The Plaintiff reiterates Paragraph #'s 1 through 87 and incorporates such by reference herein.

89.   The Plaintiff was subject to malicious abuse of civil process in violation of the laws and Constitution of the State of New York.

90.   The Plaintiff suffered injuries and damages.

G.   SEVENTH CAUSE OF ACTION

**(Plaintiff against defendant Judge Katherine A. Levine)**

91.   The Plaintiff reiterates Paragraph #'s 1 through 90 and incorporates such by reference herein.

92.   The Plaintiff was punished for and denied his right to obtain redress through the legitimate use of the laws of the State of New York in violation of the Sixth and Fourteenth Amendment of the United States Constitution and the Civil right Act of 1871, 42 U.S.C. Section 1983.

93.   The Plaintiff suffered injuries and damages.

H.   EIGHT CAUSE OF ACTION

**(Plaintiff against defendant Judge Katherine A. Levine)**

94.   The Plaintiff reiterates Paragraph #'s 1 through 93 and incorporates such by reference herein.

95.   The Plaintiff was punished for and denied his right obtain redress through the legitimate use of the laws of the State of New York in violation of the laws and Constitution of the State of New York.

96.   The Plaintiff suffered injuries and damages.

I.   NINTH CAUSE OF ACTION

**(Plaintiff against defendant Alfred E. Locascio)**

97.   The Plaintiff reiterates Paragraph #'s 1 through 96 and incorporates such by reference herein.

98.   The actions taken against the Plaintiff in disobeying the court order to stay the Warrant of Eviction and hence staying the eviction, resulted with the eviction of the Plaintiff from his home.

99.   The Plaintiff was subject to malicious abuse of civil process in violation of his rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

100.   The Plaintiff suffered injuries and damages.

## J.   TENTH CAUSE OF ACTION

### (Plaintiff against defendant Alfred E. Locascio)

101.   The Plaintiff reiterates Paragraph #'s 1 through 100 and incorporates such by reference herein.

102.   The actions taken against the Plaintiff in disobeying the order of the New York State Supreme Court, Kings County, to stay the Warrant of Eviction and hence staying the eviction, resulted with the eviction of the Plaintiff from his home on June 13, 2012.

103.   The Plaintiff was subject to malicious abuse of civil process in violation of the laws and Constitution of the State of New York.

104.   The Plaintiff suffered injuries and damages.

## K.   ELEVENTH CAUSE OF ACTION

### (Plaintiff against defendant Lenna S. Jordan
### For breach of contract)

105.   The Plaintiff reiterates Paragraph #'s 1 through 104 and incorporates such by reference herein.

106.   As stated more fully above, defendant LENNA S. JORDAN gave Plaintiff the apartment if the Plaintiff agreed to remain in the United States.

107.   Plaintiff changed his position and terminated his professional affairs in South America, including Plaintiff's employment contract and the lease on the home that Plaintiff rented so that he could keep his promise to remain in the United States, hence fully performing all his obligations under the agreement.

108.   By reason of the foregoing, Plaintiff is entitled to against defendant Lenna S. Jordan, awarding Plaintiff damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

### L.   TWELFTH CAUSE OF ACTION

**(Plaintiff against defendant Roslyn L. Blackman For
tortious interference with contractual relations)**

109.  The Plaintiff reiterates Paragraph #'s 1 through 108 and incorporates such by reference herein.

110.  As stated more fully above, defendant ROSLYN L. BLACKMAN had knowledge of the contractual relations between the Plaintiff and defendant LENNA S. JORDAN.

111.  Defendant sought to gain possession of the apartment and retaliate against the Plaintiff by joining defendant LENNA S. JORDAN to obtaining a Warrant of Eviction against the Plaintiff, and the resulting eviction of the Plaintiff.

112.  Defendant ROSLYN L. BLACKMAN has no privilege or justification for such interference.

113.  The Plaintiff suffered injuries and damages.

### M.   THIRTEENTH CAUSE OF ACTION

**(Plaintiff against defendants Roslyn L. Blackman and
Lenna S. Jordan For abuse of process)**

114.  The Plaintiff reiterates Paragraph #'s 1 through 113 and incorporates such by reference herein.

115.  As stated more fully above, defendant ROSLYN L. BLACKMAN and defendant LENNA S. JORDAN caused to be issued a Warrant of Eviction for the purpose of taking Plaintiff's apartment and to retaliate against the plaintiff for exercising his right under the laws of New York State to petition for letters of administration for his deceased  estate.

116.  Defendant ROSLYN L. BLACKMAN and defendant LENNA S. JORDAN intended to cause harm to the Plaintiff by evicting him from Plaintiff's apartment and wrongfully taking Plaintiff's apartment.

117.  Defendant ROSLYN L. BLACKMAN and defendant LENNA S. JORDAN used the Holdover proceeding and the Warrant of Eviction to cause harm to the plaintiff, which is not the purpose for the use of the holdover proceeding and the Warrant of Eviction.

118.  The Plaintiff suffered injuries and damages.

-13-

## N.   FOURTEENTH CAUSE OF ACTION

### (Plaintiff against all defendants For intentional infliction of emotional distress)

119.  The Plaintiff reiterates Paragraph #'s 1 through 118 and incorporates such by reference herein.

120.  As stated more fully above, defendants in using the means of the holdover proceeding and the Warrant of Eviction to take possession of the Plaintiff's apartment, retaliate against the Plaintiff and disobey a lawful order of the court was so outrageous that such conduct by the defendants went beyond the bounds of decency.

121.  The Plaintiff suffered injuries and damages.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume the jurisdiction and:

[a] Invoke pendent party jurisdiction and pendent claim jurisdiction.

[b] Award appropriate compensatory and punitive damages.

[c] Award appropriate declaratory and injunctive relief.

[d] Empanel a jury.

[e] Award attorney's fees and costs.

[f] Award such other and further relief as the Court deems to be in the interest of justice.

DATED:  Brooklyn, New York
        July 11, 2012

Respectfully submitted

VICTOR JORDAN
P.O. Box 100042
Vanderveer Station
Brooklyn, New York 11210
(718) 679-1940

-15-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

VICTOR JORDAN

      PLAINTIFF

      VS.

**VERIFICATION**

**HON. KATHERINE A. LEVINE**, A Judge of the
New York City Civil Court, Kings County, **LENNA S.
JORDAN, ROSLYN LOUISE BLACKMAN**, and,
**ALFRED E. LOCASCIO**, Marshal, City of New York.

      DEFENDANTS.

STATE OF NEW YORK )
                  )
COUNTY OF KINGS    )

      VICTOR JORDAN, being duly sworn states that he is the plaintiff in this action and that
the foregoing complaint is true to his own knowledge, except of matters therein state to be
alleged on information and belief and as to those matters he believes to be true.

sworn to before me this
13 July 2012

Notary Public



*Pamela M. Barrera*
BARRERA PAMELA M.
Notary Public, State of New York
Registration #01BA6236114
Qualified In Kings County
Commission Expires Feb. 22, 2015

7/13/12

attorney for ;
(1) Leanna S. Jordan
(2) and Roslyn L. Blockman

TO:   Edward R. Hall, Esq.
      Balsamo, Rosenblatt & Cohen, P.C.
      Attorney for Defendant
      80 Livingston Street
      Brooklyn, NY 11201

      Charles F. Sanders, Esq.                    Hon. Katherine A. Levine
      Assistant Attorney General
      NYS Office of the Attorney General
      Attorney for Defendant
      120 Broadway
      New York, NY 10271-0332

      Alfred E. Locasio
      Marshal, City of New York
      120 Westchester Square
      Bronx, NY 10461