```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

VICTOR JORDAN,

                        Plaintiff,

        -against-                                              **MEMORANDUM AND ORDER**
                                                                  12 CV 3527 (RRM) (JO)
HON. KATHERINE A. LEVINE, A Judge
of the New York City Civil Court, Kings
County; LENNA S. JORDAN; ROSLYN
LOUISE BLACKMAN, and ALFRED
E. LOCASCIO, Marshal, City of New
York,
                        Defendants.
------------------------------------------------------------x
```

ROSLYNN R. MAUSKOPF, United States District Judge:

On July 16, 2012, *pro se* plaintiff Victor Jordan, filed this complaint against a New York State Judge, a Marshal for the City of New York, his mother and his sister seeking damages and "such other relief . . . secur[ing] full and complete relief and justice for the violation of his rights." Complaint at ¶ 4. Plaintiff also filed an "Order to Show Cause for Preliminary Injunction and Temporary Restraining Order" and an "Affidavit in Support" of the same in which he seeks a stay of the warrant of eviction entered on May 30, 2012 and the June 13, 2012 eviction from the apartment in which he formerly resided at 373 East 28th Street, Apartment #1B, Brooklyn, New York ("the apartment"). Plaintiff claims that his mother transferred ownership of the apartment to him in 2009 and he should not have been evicted. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this order. As discussed below, plaintiff's Complaint is dismissed for lack of subject matter jurisdiction, and the Court will not reach plaintiff's request for temporary and/or preliminary injunctive relief.

1

**Background**

Plaintiff alleges the following. The home in which the apartment is located is owned by plaintiff's mother, Lenna S. Jordan ("Jordan"). Plaintiff claims that his mother gave him the apartment in 2009 as inducement to move back to Brooklyn from South America. Plaintiff alleges that in retaliation for a series of events surrounding the death of his father, from whom his mother was estranged, including plaintiff's accusations of murder and kidnaping against his mother, sister and a neighbor, and a legal battle with his mother and sister over the letters of administration over his father's estate, Jordan initiated a holdover proceeding against plaintiff on January 4, 2011 in the Civil Court of the City of New York, County of Kings, Index No.: L & T 58672/11. The state court found that Jordan had established holdover and plaintiff had failed to prove an oral gift of real property. Affidavit, Exhibit Z. Judgment was entered against defendant on November 15, 2011 and an eviction warrant was issued on May 30, 2012. Affidavit, Exhibit X. The eviction was executed on June 13, 2012. Plaintiff's complaint alleges that the state court process was flawed and Judge Levine acted improperly and unethically. He alleges that an order staying the eviction was entered on June 13, 2012 but that defendant Marshal Locascio proceeded with the eviction anyway.

**Discussion**

In reviewing plaintiff's complaint, the Court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). However, plaintiff must still establish that the court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).

The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp*. 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Moreover, "[w]here jurisdiction is lacking . . . dismissal is mandatory." *Manway Constr. Co. Inc. v. Housing Authority of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3).

Plaintiff asserts that this Court has federal question jurisdiction over his claims under 28 U.S.C. § 1331, because defendants' actions violated his rights under the United States Constitution. Plaintiff's claims arise out of disputes with his mother/landlord and an eviction proceeding that ultimately resulted in his eviction. Federal courts do not have subject matter jurisdiction over landlord-tenant matters. Wrongful eviction claims, whether for a temporary or final eviction, are state law claims, and this Court lacks subject matter jurisdiction over them. *See Southerland v. N.Y. City Hous. Auth.*, No. 10–CV–5243, 2011 WL 73387, at *2 (E.D.N.Y. Jan. 7, 2011) (dismissing wrongful eviction claim against the New York City Housing Authority because federal courts do not have subject matter jurisdiction over landlord-tenant matters); *Oliver v. N.Y. City Hous. Auth.*, No. 10–CV–3204, 2011 WL 839110, at *3 (E.D.N.Y. Mar. 2, 2011) ("federal courts do not have subject matter jurisdiction over state eviction actions or other landlord-tenant matters"); *Kheyn v. City of New York*, Nos. 10-CV-3233, 10-CV-3234, 2010 WL 3034652, at *2 (E.D.N.Y. Aug. 2, 2010) (citing cases); *Golland v. Margules*, No. 05-CV-5639, 2005 WL 1981568, at *1 (S.D.N.Y.

Aug. 17, 2005) ("federal courts do not have federal question subject matter jurisdiction over state residential landlord-tenant matters."). Put another way, the complaint raises issues that are within the subject matter jurisdiction of the state court.

Moreover, this action falls under the *Rooker-Feldman* doctrine. Federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Here, plaintiff's claims are directly related to the determinations made by the state court regarding eviction; this action is barred by the *Rooker-Feldman* doctrine. *See Reyes v. Fairfield Properties*, 661 F. Supp. 2d 249, 272-74 (E.D.N.Y. 2009); *Torres v. City of N.Y.*, No. 09−CV−1894 (KAM), 2009 WL 1346396, at *2 (E.D.N.Y. May 13, 2009) (district court lacks jurisdiction to vacate "the orders of the state courts regarding [plaintiff's] upcoming eviction from her home"); *Trang v. Concris Realty Co.*, No. 05−CV−5441 (RJD)(LB), 2005 WL 1398004, at *2 (E.D.N.Y. June 14, 2005) (federal court lacks jurisdiction over eviction proceedings).

Furthermore, plaintiff's challenge to the constitutionality of the state court eviction proceedings is similarly barred by *Rooker-Feldman. See Garvin v. Bank of New York*, No. 05-CV-2760 (NGG), 2005 WL 1377953, at *2 (E.D.N.Y. June 9, 2005), *aff'd*, 227 Fed. Appx. 7 (2d Cir. 2007) (merely because plaintiff alleged a violation of her constitutional rights did not change the fact that the district court lacked jurisdiction under *Rooker-Feldman*); *McAllan v. Malatzky*, No. 97−CV−8291 (JGK), 1998 WL 24369, at *2–3 (S.D.N.Y. Jan.22, 1998) (no subject matter jurisdiction where plaintiff attempted to recloak his charges regarding a state housing matter as a violation of his constitutional rights), *aff'd*, 173 F.3d 845 (2d Cir. 1999);

4

*Sanchez-Preston v. Judge Luria*, No. CV-96-2440 (CPS), 1996 WL 738140, at *3 (E.D.N.Y. Dec. 17, 1996) (federal courts do not have jurisdiction over challenges to state court decisions arising out of judicial proceedings, "even if those challenges alleged that the state court actions [themselves] were unconstitutional") (quoting *Feldman*, 460 U.S. at 486).

Whereas, ordinarily, the Court would allow plaintiff an opportunity to amend his pleading, *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000), it need not afford that opportunity here where it is clear from the face of the complaint that the Court lacks subject matter jurisdiction. Moreover, as there is no basis for subject matter jurisdiction, the Court will not consider plaintiff's request for a temporary restraining order or preliminary injunction.

**Conclusion**

Accordingly, the Court dismisses the instant *pro se* complaint for lack of subject matter jurisdiction, Fed. R. Civ. P. 12 (h)(3), and as such, will not reach plaintiff's request for temporary and/or preliminary injunctive relief. Judgment shall enter accordingly. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum and Order and the accompanying Judgment to plaintiff, and to close the file.

SO ORDERED.

Dated: Brooklyn, New York
July 17, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

5